IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATHWAY SENIOR LIVING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PATHWAYS SENIOR LIVING LLC,<br><br>    Defendant. | Case No. 3:15-cv-2607 |

## COMPLAINT

Pathway Senior Living, LLC (Plaintiff), by its undersigned attorneys, files its complaint against Pathways Senior Living LLC (Defendant) as follows:

## NATURE OF THE CASE

1. This is an action at law and in equity for: (1) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (5) common law unfair competition; and (6) common law unjust enrichment.

2. As described below, Defendant has used and continues to use trademarks that are identical to, nearly identical to, and/or confusingly similar to Plaintiff's famous and federally registered PATHWAY trademark in connection with services related to senior living communities.

3. Plaintiff has not authorized Defendant to use its famous PATHWAY trademark, or colorable imitations thereof, in connection with Defendant's services. Defendant is

1

improperly trading on the goodwill, reputation, and fame of Plaintiff's PATHWAY mark creating a strong likelihood of consumer confusion.  Unless enjoined by the Court, Defendant will continue to cause irreparable harm to Plaintiff.

## PARTIES

4.Plaintiff is an Illinois limited liability company with a principal place of business in Des Plaines, Illinois.

5.Plaintiff provides various services related to senior living communities, including a variety of senior living options, to residents at multiple locations in Illinois and Wisconsin. Plaintiff advertises its services throughout the United States through various media, including at Plaintiff's website located at www.pathwaysl.com.

6.Defendant is a Texas limited liability company with a principal place of business in Dallas, Texas.

7.Defendant provides senior living services at a facility located in Dallas, Texas. Defendant advertises its services throughout the United States, including at Defendant's website located at www.pathwaysseniorliving.com.

## JURISDICTION AND VENUE

8.This Court has subject-matter jurisdiction of Plaintiff's claims under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

9.This Court has personal jurisdiction over Defendant because Defendant is organized under the laws of the State of Texas and has its principal place of business in the State of Texas.

**BACKGROUND**

**The PATHWAY and PATHWAY SENIOR LIVING Trademarks**

10. Founded in 1997, Plaintiff is a provider of senior services and housing solutions designed to improve the lives of older adults. Plaintiff operates 22 communities consisting of more than 1,300 assisted living units and more than 600 senior apartments.

11. Since at least as early as 2007, Plaintiff has used the PATHWAY and PATHWAY SENIOR LIVING trademarks (collectively, the PATHWAY marks) in connection with its services, including in connection with providing services for the planning, laying out and building of retirement home communities and, since at least as early as 2008, providing business management services for the operation of retirement home communities.

12. To that end, on December 2, 2005, Plaintiff filed a federal trademark application for the mark PATHWAY and is now the owner of U.S. Trademark Registration No. 3,432,946 for the mark PATHWAY in connection with "[p]roviding business management services for the operation of retirement home communities" in Class 35 and "[p]roviding services for the planning, laying out and building of retirement home communities" in Class 37 (the '946 registration). A copy of the '946 registration and corresponding Section 8 and Section 15 declarations showing the current title and status of such registration are filed herewith as Exhibit A.

13. The '946 registration is valid, subsisting in full force and effect, is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and is conclusive evidence of the validity of the PATHWAY trademark and the '946 registration, Plaintiff's ownership of the PATHWAY trademark, and of Plaintiff's exclusive right to use the PATHWAY trademark.

14. Plaintiff has expended substantial resources in marketing, advertising, and

promoting the PATHWAY marks and, through such advertising and the sale of related services, has generated substantial goodwill and customer recognition in the PATHWAY marks.

15.     Plaintiff uses the PATHWAY marks to advertise its services throughout the United States, including to residents of the Northern District of Texas, through various media such as Plaintiff's website located at www.pathwaysl.com.

16.     Plaintiff uses the PATHWAY marks to do business with suppliers, partners and developers, including in a joint venture relationship with a Dallas-based developer of senior living communities.

17.     Plaintiff has derived substantial revenues from its sales of services under the PATHWAY marks.

18.     As a result of the continuous and extensive marketing and sales of Plaintiff's services under the PATHWAY marks, Plaintiff's services have come to be, and now are, well and favorably known under the PATHWAY marks.  The PATHWAY marks are distinctive of Plaintiff's services and are well-known and famous, and valuable goodwill has been built up in the PATHWAY marks.  Such goodwill has been built up long before Defendant misappropriated the use of the PATHWAY marks, or colorable imitations thereof, in connection with Defendant's services.

19.     Plaintiff's rights under the PATHWAY marks are entitled to immediate and strong protection from unfair competition, infringement, dilution, and injury to the marks and the goodwill represented by such marks.

**Defendant's Unauthorized and Infringing Use of the PATHWAY Marks**

20.     Defendant markets and sells senior living services.

21.     Defendant's services are closely related and/or identical to Plaintiff's services.

22. Defendant's services are used for the same purpose as some of Plaintiff's services.

23. Defendant markets and sells its services using the PATHWAYS and PATHWAYS SENIOR LIVING marks.

24. Defendant's PATHWAYS and PATHWAYS SENIOR LIVING marks are identical or confusingly similar to Plaintiff's PATHWAY marks.

25. Defendant's use of the PATHWAYS and PATHWAYS SENIOR LIVING marks is and has been with knowledge of the extensive prior use by Plaintiff of the PATHWAY marks.

26. Plaintiff has used the PATHWAY marks in connection with its services since long before Defendant adopted and began using Defendant's PATHWAYS and PATHWAYS SENIOR LIVING marks, and the PATHWAY trademark registration was filed and issued prior to Defendant's adoption and use of the PATHWAYS and PATHWAYS SENIOR LIVING marks.

27. Defendant's PATHWAYS and PATHWAYS SENIOR LIVING marks are confusingly similar to Plaintiff's PATHWAY marks, and the use thereof by Defendant in connection with Defendant's services is likely to cause confusion, mistake or deception that Defendant's services are those of Plaintiff or are otherwise endorsed, sponsored or approved by Plaintiff, or cause confusion, mistake or deception as to the affiliation, connection, or association between Defendant and Plaintiff.

28. Defendant uses its PATHWAYS and PATHWAYS SENIOR LIVING marks repeatedly in misleading ways, including in its company name, in its domain name, in marketing and advertising for Defendant's services, and on its website where it markets its services.

29. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer

irreparable injury to itself, its reputation, its PATHWAY marks and the goodwill represented by such trademarks for which there is no adequate remedy at law, entitling Plaintiff to injunctive relief.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C § 1114)

30. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

31. Defendant uses Defendant's PATHWAYS and PATHWAYS SENIOR LIVING marks to advertise, offer for sale, and to sell its services in interstate commerce.

32. Plaintiff uses its PATHWAY marks to advertise and sell its services.

33. Defendant's services are identical and/or highly similar to Plaintiff's services.

34. Defendant's use of its PATHWAYS and PATHWAYS SENIOR LIVING marks is confusingly similar to Plaintiff's PATHWAY marks.

35. Defendant has used Defendant's PATHWAYS and PATHWAYS SENIOR LIVING marks in its name, domain name, and in advertising for Defendant's services to mislead and confuse consumers as to the source of Defendant's services and to create a false suggestion of a connection with Plaintiff.

36. Plaintiff has not authorized or consented to Defendant's use of Defendant's PATHWAYS and/or PATHWAYS SENIOR LIVING marks.

37. Defendant's use of its PATHWAYS and PATHWAYS SENIOR LIVING marks is likely to cause confusion or mistake, or to deceive consumers into falsely believing that Plaintiff is the source of Defendant's services or that Defendant or Defendant's services are sponsored by, affiliated with, endorsed by, or approved by Plaintiff.

38. Defendant's use of its PATHWAYS and PATHWAYS SENIOR LIVING marks

6

infringe Plaintiff's PATHWAY marks, including the '946 registration.

39.     Defendant's actions described above were and are intentional, willful, and in reckless disregard for Plaintiff's trademark rights.

40.     Defendant's actions described above have misappropriated and damaged the value of Plaintiff's PATHWAY marks, and continue to do so.

41.     Defendant's actions described above have unjustly enriched Defendant, and continue to do so.

42.     Defendant's actions described above have and are continuing to cause irreparable injury to Plaintiff for which there is no adequate remedy at law.

43.     Defendant's actions described above constitute willful trademark infringement entitling Plaintiff to remedies set forth in 15 U.S.C. §§ 1117 and 1118.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C § 1125(a))

44.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

45.     Plaintiff has continuously and extensively used the PATHWAY marks throughout the United States in connection with the marketing and sale of its services.

46.     Plaintiff's PATHWAY marks have come to represent and symbolize high quality services provided by Plaintiff.

47.     Defendant is not authorized to use the PATHWAY marks.

48.     Defendant's use of the PATHWAYS and PATHWAYS SENIOR LIVING marks are likely to cause confusion or mistake, or to deceive customers into falsely believing that Defendant is approved by, sponsored by, endorsed by, or otherwise affiliated with Plaintiff in violation of Section 43(a) of the Lanham Act.

49. Defendant's use of its PATHWAYS and PATHWAYS SENIOR LIVING marks described above is and was intentional, willful, and in reckless disregard for Plaintiff's trademark rights.

50. Defendant's actions described above have misappropriated and diminished the value Plaintiff created in its PATHWAY marks, and continue to do so.

51. Defendant's actions described above have unjustly enriched Defendant, and continue to do so.

52. Defendant's actions described above have and are continuing to cause irreparable injury to Plaintiff for which there is no adequate remedy at law.

53. Defendant's actions described above constitute willful trademark infringement entitling Plaintiff to remedies set forth in 15 U.S.C. §§ 1117 and 1118.

### THIRD CAUSE OF ACTION
### FEDERAL TRADEMARK DILUTION (15 U.S.C § 1125(c))

54. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

55. Plaintiff has continuously and extensively used the PATHWAY marks throughout the United States in connection with the marketing and sale of its services.

56. Defendant is making commercial use in interstate commerce of the PATHWAYS and PATHWAYS SENIOR LIVING marks that dilutes and is likely to dilute the distinctiveness of Plaintiff's PATHWAY marks, by reducing the public's exclusive identification of the famous PATHWAY marks with Plaintiff and otherwise lessening the capacity of the PATHWAY marks to identify and distinguish Plaintiff's services.

57. Defendant has caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation and dilution of the distinctiveness and value of Plaintiff's

famous and distinctive PATHWAY marks in violation of Section 43(c) of the Lanham Act, entitling Plaintiff to remedies set forth in 15 U.S.C. §§ 1117, 1118, and 1125(c).

## FOURTH CAUSE OF ACTION
## ANTI-CYBERSQUATTING CONSUMER PROTECTION (15 U.S.C § 1125(d))

58. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

59. Plaintiff's PATHWAY marks were distinctive at the time of Defendant's registration and use of the pathwaysseniorliving.com domain name.

60. The pathwaysseniorliving.com domain name is confusingly similar to, or dilutive of, Plaintiff's PATHWAY marks.

61. Upon information and belief, Defendant registered and/or has used the pathwaysseniorliving.com domain name with bad faith intent to profit from Plaintiff's PATHWAY marks.

62. Defendant's registration and use of the pathwaysseniorliving.com domain name violates Section 43(d) of the Lanham Act.

63. Unless restrained and enjoined by this Court, Defendant will persist in its activities, causing irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

64. Defendant should be permanently enjoined from registering or using the pathwaysseniorliving.com domain name pursuant to 15 U.S.C. § 1116.

65. Plaintiff is entitled to remedies set forth in 15 U.S.C. §§ 1117 and 1118, including the transferring of the registration and ownership of the pathwaysseniorliving.com domain name to Plaintiff.

**FIFTH CAUSE OF ACTION**
**COMMON LAW UNFAIR COMPETITION**

66. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

67. Upon information and belief, Defendant's willful, intentional and illegal acts, as alleged in this Complaint, have interfered and will interfere with Plaintiff's ability to conduct its business, and constitute unfair competition at common law.

68. As a result of Defendant's willful, intentional and illegal acts, Plaintiff has suffered commercial damages for which it may recover.

**SIXTH CAUSE OF ACTION**
**COMMON LAW UNJUST ENRICHMENT**

69. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in the foregoing paragraphs.

70. Upon information and belief, Defendant's willful, intentional and illegal acts, as alleged in this Complaint, have unjustly enriched Defendant, and continue to unjustly enrich Defendant, in an unknown amount, and Plaintiff is entitled to just compensation under the common law of the State of Texas.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests judgment and relief against Defendant as follows:

A. A permanent injunction prohibiting Defendant and any employees, officers, members, managers, agents, representatives, successors, affiliates, assigns and

any entities owned or controlled by Defendant, and all those in active concert and participation with Defendant, from:

1. using the PATHWAY marks or any other marks confusingly similar to Plaintiff's PATHWAY marks, including but not limited to Defendant's PATHWAYS and PATHWAYS SENIOR LIVING marks; and

2. using any trademark, service mark, name, logo, domain name or source designation that is a copy, reproduction, colorable imitation or confusingly similar to Plaintiff's PATHWAY marks, or is likely to cause consumer confusion, mistake or to deceive consumers that Defendant's services originate from Plaintiff or are authorized by, sponsored by, endorsed by, or otherwise affiliated with Plaintiff;

B. An award to Plaintiff of monetary remedies in an amount to be determined by a trier of fact for all harm caused by Defendant's actions, including Defendant's profits, the damages sustained by Plaintiff, costs of the action, reasonable attorneys' fees, and treble damages and profits as authorized by law;

C. An award of Plaintiff's interest, including prejudgment interest, on the foregoing amounts;

D. An order to Defendant to provide for destruction of all labels, signs, prints, advertisements, or other materials in Defendant's possession bearing the PATHWAY and PATHWAY SENIOR LIVING trademarks or any other word, term, name, symbol, device, designation, description, representation or combination thereof that is a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's PATHWAY marks;

E.       An order to transfer from Defendant to Plaintiff the pathwaysseniorliving.com domain name and any other domain names owned or controlled by Defendant that incorporates the PATHWAY trademark or any other mark confusingly similar thereto; and

F.       An award to Plaintiff of such other and further relief as the Court may deem just and proper.

Dated:  August 7, 2015                              Respectfully submitted,


By:  s/Jason A. Wietjes
      Jason A. Wietjes
      Texas Bar No.:  24042154
      jwietjes@polsinelli.com

POLSINELLI PC
2950 N. Harwood St., Ste. 2100
Dallas, Texas 75201
(214) 661-5519
(214) 594-5540 (Fax)

COUNSEL FOR PLAINTIFF