IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATHWAY SENIOR LIVING LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-cv-02607-M |
| | § | |
| PATHWAYS SENIOR LIVING LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment [Docket Entry #20]. For the following reasons, the Motion is **GRANTED**.

**I. FACTUAL BACKGROUND**

Plaintiff Pathway Senior Living, LLC, which provides services related to senior living communities to residents at locations in Illinois and Wisconsin, seeks relief against Defendant Pathways Senior Living LLC, a Texas limited liability company which provides senior living services in Dallas, Texas.

Plaintiff's Original Complaint asserts claims for: 1) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; 2) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); 3) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); 4) violation of the Anticybersquatting Consumer Protection Act ("the ACPA"), 15 U.S.C. § 1125(d); 5) common law unfair competition; and 6) common law unjust enrichment. Compl. [Docket Entry #1] at ¶¶ 30–70. Plaintiff seeks default judgment on its claims for trademark infringement and for violation of the Anticybersquatting Consumer Protection Act. Plaintiff seeks an injunction, an order requiring

1

Defendant to transfer its domain name to Plaintiff, and attorneys' fees.

## II. PROCEDURAL HISTORY

Plaintiff filed its Complaint on August 7, 2015. A certified process server made multiple attempts to serve Defendant's registered agent, Jeff Kauffman, at the address registered with the Secretary of State, as well as two alternate addresses, but Kauffman could not be located. Pl. Br. [Docket Entry #23], Ex. E. The certified process server reached Kauffman via telephone, but he refused to schedule a time for service. *Id.* Ultimately, Plaintiff effected service by serving the Complaint and Summons on the Texas Secretary of State via certified mail, return receipt requested. *See* Pl. Br. [Docket Entry #23], Ex. H – I. The Secretary of State received process on September 23, 2015 and subsequently confirmed that process was delivered. *Id.* Plaintiff additionally sent process to Kauffman's registered address via certified mail return receipt requested, and the mailing was signed for and accepted by another individual on September 15, 2015. *Id.* at Ex. H, J.

Defendant has not filed an answer or other pleading or otherwise appeared. At Plaintiff's request, the Clerk entered default as to Defendant on November 17, 2015 [Docket Entry #18].

## III. LEGAL STANDARD

In the Fifth Circuit, the determination of whether to enter a default judgment requires a three-step analysis. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, it must be found that a defendant failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. Second, the Clerk must have entered a default, after default was established by affidavit or otherwise. Fed. R. Civ. P. 55(a). Third, a plaintiff must have applied to the Clerk or the Court for a default judgment and proven

entitlement to same.  *Id*.

## IV. DISCUSSION

### a. Entry of Default

To establish a defendant's default, a plaintiff must show that the defendant was properly served and failed to file an answer or other responsive pleading.  Fed. R. Civ. P. 55(a).  The propriety of the entry of default is thus dependent on the propriety of service.

The Court finds that Defendant was properly served.  Federal Rule of Civil Procedure 4(h) describes the process for serving a corporation, partnership, or association.  If the association is served within a judicial district of the United States, it may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A-B).  Federal Rule of Civil Procedure 4(e) explains that to serve an individual, the individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made."  Thus, under 4(e)(1), the Court looks to the Texas Rules of Civil Procedure to propriety of service.  Texas law designates the Secretary of State as an agent for service of process for registered business entities where "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."  Tex. Bus. Orgs. Code Ann. § 5.251.

Plaintiff exercised reasonable diligence in attempting personal service on Defendant's registered agent.  *See Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex. App. 2003).  Thus, Plaintiff properly accomplished service by mailing the Complaint and Summons, by certified mail, return receipt requested, to the Secretary of State.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.026(a); *Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004).  Plaintiff has conclusively demonstrated that the Secretary of State forwarded process to

Defendant.  *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). Therefore, Defendant was properly served.

### b. Default Judgment

Where, as here, a default has been entered by the Clerk pursuant to Federal Rule of Civil Procedure 55(a), the factual allegations of the complaint are taken as true.  10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. 1998).  However, "a defendant's default does not in itself warrant the court in entering a default judgment;" rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Only well-pleaded facts, not conclusions of law, are presumed to be true.  *Id.*

In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 497 (5th Cir. 2015).  Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  This "low threshold" is less rigorous than that under Rule 12(b)(6).  *Id.* at 498.  Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's *inaction*," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context."  *Id.* at 498 n.3.

Taking the factual allegations in the Amended Complaint and exhibits as true, the Court

finds as follows.

The Court has jurisdiction over the parties and causes of action asserted, and venue is proper in this district. Defendant is not a minor, an incompetent person, or member of the military service. *See* Affidavit, [Docket Entry #17-1] at ¶¶ 7–8.

Plaintiff owns the federally registered trademark "Pathway," registration number 3,432,946, used for providing business management services for the operation of retirement home communities and services for the planning, laying out, and building of retirement home communities. Compl. [Docket Entry #1], Ex. 1. The registration is valid, subsisting, and has been registered for over five years, and thus is incontestable pursuant to 15 U.S.C. § 1065. *Id.* Plaintiff has also used the trademark "Pathway Senior Living" in connection with its services since approximately 2008. *Id.* at ¶ 11. Plaintiff has expended substantial resources in marketing, advertising, and promoting its marks. *Id.* at ¶ 14. As a result, it has generated substantial goodwill and customer recognition of the marks, and the marks are distinctive, well-known and famous. *Id.* at ¶ 18. Plaintiff uses its marks to advertise throughout the United States, including in the Northern District of Texas, through various media including its website, pathwaysl.com, and uses its marks to do business with suppliers, partners, and developers, including a joint venture relationship with a Dallas-based developer. *Id.* at ¶¶ 15–16.

Defendant's services are closely related or identical to Plaintiff's services, and Defendant markets and sells its services using the terms "Pathways" and "Pathways Senior Living," including in its company name, its domain name, on its website (pathwaysseniorliving.com), and in other marketing and advertising. *Id.* at ¶¶ 15, 28. These terms are identical or confusingly similar to Plaintiff's marks. *Id.* at ¶ 21–24.

Plaintiff used its marks in connection with its services, and filed its trademark registration

5

for the term "Pathway," before Defendant began using the terms "Pathways," and "Pathways Senior Living," and has not consented to Defendant's use of the marks. *Id.* at ¶¶ 26, 36. Plaintiff's marks were distinctive at the time Defendant registered the domain name pathwaysseniorliving.com. *Id.* at ¶ 59. Use of "Pathways" and "Pathways Senior Living" in connection with Defendant's services is likely to cause confusion that Defendant's services are those of Plaintiff or are otherwise endorsed, sponsored, or approved by Plaintiff or that there is affiliation or association between Defendant and Plaintiff. *Id.* at ¶ 27. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer irreparable injury to itself, its reputation, its trademarks, and the goodwill associated with its trademarks. *Id.* at ¶ 29. Further, Defendant used the marks with knowledge of Plaintiff's extensive prior use of its marks. *Id.* at ¶ 25.

### 1. *Plaintiff's Claims for Trademark Infringement*

To recover on a claim of trademark infringement, a plaintiff must show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). The Lanham Act provides a cause of action for infringement where one "uses (1) any reproduction, counterfeit, copy[,] or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution[,] or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive." *Id.* Because the facts established by Defendant's default meet the elements of trademark infringement, there is "a sufficient basis in the pleadings" for the Court to enter judgment on this claim. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### 2. *Plaintiff's Claim for Violation of the Anti-Cybersquatting Consumer Protection Act*

A person is liable under the ACPA for "cybersquatting," "if, without regard to the goods

6

or services of the parties, that person: (i) has a bad faith intent to profit from that mark, . . . ; and (ii) registers, traffics in, or uses a domain name that— (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark." 15 U.S.C. § 1125(d)(1)(A).  Based on the forgoing facts, the Court finds that Plaintiff stated a colorable claim that Defendant, with bad faith intent to profit, registered and used pathwaysseniorliving.com, a domain name which is identical or confusingly similar to Plaintiff's marks, which were distinctive at the time that Defendant's domain name was registered.  The Court thus may enter default judgment on this claim.

### 3. *Default Judgment Factors*

A district court in the Fifth Circuit looks to the following six factors when considering whether to grant a default judgment: 1) if the default was caused by a good faith mistake or excusable neglect; 2) if there has been substantial prejudice; 3) the harshness of a default; 4) if there are material issues of fact; 5) if grounds for a default judgment are clearly established; and 6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998).  Having considered those factors, the Court concludes that default judgment is warranted here.  In particular, the Court finds that default was not caused by a good faith mistake or excusable neglect, the grounds for default judgment are clearly established, and the Court is unlikely to find itself obligated to set aside default.  Plaintiff alleges Defendant is using terms nearly identical to Plaintiff's marks to market nearly identical services, and, on the record before the Court, Defendant deliberately failed to defend this action, despite fair notice.

### 4. *Remedies*

Plaintiff seeks permanent injunctive relief, an order requiring Defendant to destroy

infringing materials, transfer of Defendant's domain name to Plaintiff, and attorneys' fees. As an initial matter, the Federal Rules of Civil Procedure provide that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Plaintiff demanded all requested relief in its Complaint, as required.

The Court finds injunctive relief is appropriate. The Lanham Act grants courts the power to grant injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C.A. § 1116. Permanent injunctive relief is appropriate when the plaintiff demonstrates: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to [plaintiff] outweighs any damage the injunction might cause [defendant]; and (4) that the injunction will not disserve the public interest." *DSC Commc'ns Corp. v. DGI Techs., Inc.,* 81 F.3d 597, 600 (5th Cir. 1996). Plaintiff has already succeeded on the merits. *See Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 785 (E.D. Tex. 2006) ("[E]ntry of default against Defendant is tantamount to actual success on the merits."). Further, there is a substantial threat that Plaintiff will suffer irreparable harm without an injunction because of Defendant's refusal to stop infringing Plaintiff's marks, the threatened injury to Plaintiff (damages to its business reputation) outweighs any damage the injunction may cause Defendant, and the injunction will not disserve the public interest. *See Sculpt Inc. v. Sculpt New York, LLC*, 2015 WL 6690224, at *3 (S.D. Tex. Nov. 3, 2015). Plaintiff is therefore entitled to permanent injunctive relief.

If a court finds a violation of the ACPA, it may order the transfer of the domain name to the owner of the mark. *E. & J. Gallo Winery v. Spider Webs Ltd.*, 286 F.3d 270, 275 (5th Cir. 2002); 15 U.S.C.A. § 1125 (d)(1)(C) ("In any civil action involving the registration, trafficking,

or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark"). The Court finds such relief appropriate here.

Finally, pursuant to 15 U.S.C. § 1117(a), a court may award reasonable attorneys' fees in exceptional cases. An exceptional case is one in which the defendant's infringement is "malicious," "fraudulent," deliberate," or "willful." *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distribution Co.,* 520 F.3d 393, 402 (5th Cir. 2008). Under § 1117(b), a court "shall" award reasonable attorneys' fees if the defendant intentionally used the mark and knew that the mark was counterfeit, unless extenuating circumstances exist. *Rolex Watch USA, Inc. v. Meece,* 158 F.3d 816, 824 (5th Cir. 1998); *Sculpt Inc.*, 2015 WL 6690224, at *6. Here, Plaintiff pled that Defendant's infringement was "intentional, willful, and in reckless disregard for Plaintiff's trademark rights." Compl. [Docket Entry #1] at ¶¶ 25, 39, 43, 49, 53. The Court thus finds Plaintiff is entitled to reasonable attorneys' fees.

## V.  CONCLUSION

Plaintiff's Motion for Default Judgment is **GRANTED**. Plaintiff is entitled to default judgment on its claims for trademark infringement (under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a)) and violation of the ACPA (15 U.S.C. § 1125(d)), and to permanent injunctive relief, destruction of Defendant's infringing materials, transfer of Defendant's domain name, and reasonable attorneys' fees. Final judgment will enter accordingly.

Before the Court enters final judgment, however, Plaintiff is **ORDERED** to address its remaining claims, for trademark dilution, unfair competition, and unjust enrichment, by either voluntarily dismissing or moving for default judgment on those claims. Plaintiff shall do so no later than March 22, 2016. Upon entry of final judgment, Plaintiff may file an affidavit and

corresponding business records regarding reasonable attorneys' fees.

**SO ORDERED**.

March 17, 2016.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**