**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PATHWAY SENIOR LIVING, LLC,      ) | |
| ) | |
| Plaintiff,      ) | |
| vs.      ) | No. 3:15-CV-2607-M-BH |
| ) | |
| PATHWAYS SENIOR LIVING LLC,      ) | |
| ) | |
| Defendant.      ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated April 21, 2016 (doc. 32), before the Court for recommendation is the *Declaration of Adam S. Weiss*, filed October 31, 2016 (doc. 31). Based on the relevant filings and applicable law, the plaintiff should be awarded $25,250.95 in attorneys' fees and $908.52 in costs.

**I. BACKGROUND**

On August 7, 2015, Pathway Senior Living, LLC (Plaintiff) sued Pathways Senior Living LLC (Defendant) for (1) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (5) common law unfair competition; and (6) common law unjust enrichment. (doc. 1 at 1.)[1]

After Defendant failed to timely answer, Plaintiff sought entry of default on November 17, 2015, and the Clerk entered default that same day. (docs. 17, 18.) On January 29, 2016, Plaintiff moved for default judgment on its claims for trademark infringement and for violation of the Anti-

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Cybersquatting Consumer Protection Act. (doc. 20.) Plaintiff sought an injunction, an order requiring Defendant to transfer its domain name to Plaintiff, and attorneys' fees. (*Id.*) Plaintiff's motion was granted on March 17, 2016, and the Court found that Plaintiff was entitled to reasonable attorneys' fees under 15 U.S.C. § 1117(a) because "Plaintiff pled that Defendant's infringement was 'intentional, willful, and in reckless disregard for Plaintiff's trademark rights.' " (doc. 24 at 9-10.)

Plaintiff was directed to file an affidavit and corresponding business records regarding reasonable attorneys' fees, upon entry of a final judgment. (*Id.*) It was also ordered to "address its remaining claims, for trademark dilution, unfair competition, and unjust enrichment, by either voluntarily dismissing or moving for default judgment on those claims." (*Id.* at 9.) Plaintiff moved to dismiss its remaining claims on March 22, 2016, and the Court dismissed them without prejudice on March 24, 2016. (docs. 25, 26.) A final judgment was entered on March 24, 2016. (doc. 27.) On April 19, 2016, Plaintiff submitted a declaration and contemporaneous billing records for $31,014.52 in attorneys' fees and costs. (doc. 31.)

## II. ATTORNEYS' FEES AND COSTS

Plaintiff seeks attorneys' fees in the amount of $30,106 and costs in the amount of $908.52. (*Id.* at 1.)

**A.    Attorneys' Fees**

In adjudicating an attorneys' fee award, a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power*

*& Light Co.*, 50 F.3d at 324. Next, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] *Riley*, 99 F.3d at 760; *Louisiana Power & Light Co.*, 50 F.3d at 331.  "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).  The most critical factor in determining the reasonableness of an attorneys' fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

### 1. *The Lodestar*

In support of its application, Plaintiff submits an affidavit by its lead counsel, Adam S. Weiss (doc. 31 at 1-5), and billing statements and time records from February 16, 2015 through February 29, 2016 (doc. 31-1 at 1-37.)

#### a. *Reasonable hourly rates*

Plaintiff has the burden of showing that its attorneys' hourly rates are reasonable. *La. Power & Light Co.*, 50 F.3d at 324.  "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Neles–Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 987 n.19 (S.D. Tex. May 30, 1997).  Further, "[t]o inform and assist the court in the exercise of its

---

[2] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

3

discretion [in analyzing reasonable hourly rate], the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (emphasis added); *see Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."); *Watkins v. Fordice*, 7 F.3d 454, 458 (5th Cir. 1993).

Here, Plaintiff seeks rates between $160 and $230 per hour for paralegals, $225 and $325 for associate attorneys, and $450 and $500 per hour for shareholders at Polsinelli PC. (*See* doc. 31 at 3.) Mr. Weiss's declaration sets out his background and qualifications, and generally the skills and competency of the other attorneys and paralegals at Polsinelli PC. (*See id.* at 2-3.) He opines, "[b]ased on [his] experience and review, . . . that the rates and fees charged by the attorneys and paralegals for Plaintiff are reasonable and necessary for the work that has been completed in this matter." (*Id.* at 4.) Plaintiff provides no evidence regarding the prevailing market rate for this type of case or for lawyers of similar skills, experience, and reputation in the Dallas community, however.[3] (*See id.*)

Some of the rates requested by Plaintiff are higher than rates previously accepted in the Dallas area for similar matters. *See US Green Building Council, Inc. v. Wardell*, No.

---

[3] "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that 'lions at the bar may command.'" *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (citation omitted).

3:14-CV-01541-M-BH, 2016 WL 3752964, at *8 (N.D. Tex. June 17, 2016), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016) (reducing requested hourly rates to $500 per hour for partners and $300 per hour for associates); *Spear Marketing, Inc. v. Banscorpsouth Bank*, 3:12-CV-3583-B, 2016 WL 193586, at *9-10 (N.D. Tex. Jan. 14, 2016) (finding a reasonable hourly rate for copyright litigation in the Dallas area was between $150 and $400 per hour for attorneys and $100 per hour for paralegals, and noting that rates above $500 per hour are reserved for complex cases that few attorneys can handle) (citing cases); *see also SortiumUSA, LLC v. Hunger*, No. 3:11–CV–1656–M, 2015 WL 179025, at *5-7 (N.D. Tex. Jan. 14, 2015) (awarding attorney's fees at rates of $325 and $202.50 per hour in a copyright case) (citing *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 3:08-CV-1556-B, 2011 WL 3820704, at *5 (N.D. Tex. Aug. 26, 2011) (collecting cases with hourly rates ranging to $510 for senior partners performing premium work requiring specialized qualifications).[4] Because some of the hourly rates requested by Plaintiff are above the hourly rates recently accepted within the Dallas area, they are unreasonable. Taking into account the hourly rates for attorneys and paralegals in other cases and the limited biographical information provided, the $325 hourly rate for Mr. Deming should be reduced to $300 per hour,[5] and the hourly rate for Mr. Howard should be reduced to $175 per hour. The remaining hourly rates for Mr. Weiss, Mr. Wietjes, Mr. Davidovitis, and Ms. Scanlan are consistent with the prevailing market rate in this area and are therefore reasonable.

### b. *Reasonable Number of Hours*

In order to determine the reasonable number of hours expended in a case, "[t]he party

---

[4] "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that 'lions at the bar may command.'" *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (citation omitted).

[5] Mr. Dening also billed some time at $300 per hour, which is consistent with the prevailing market rate.

5

seeking attorney's fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "[T]he documentation must be sufficient for the court to verify that the applicant has met its burden." *Louisiana Power & Light Co.*, 50 F.3d at 325 (citation omitted). Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

Here, Plaintiff submitted copies of contemporaneous billing records and invoices with detailed time entries, covering the period from February 16, 2015 through February 29, 2016. (doc. 31-1 at 1-37.) Its billing statements reflect 80.40 hours for a total of $30,029[6]: 12.90 hours at $500; 16.15 hours at $475; 16.7 hours at $450; 9.8 hours at $325; 5.5 hours at $300; 4.85 at $235; 13.1 hours at $160; and 1.4 hours at $230. (*See* docs. 31 at 3l ; 31-1 at 1-37.)

Additionally, "plaintiff [is] charged with the burden of showing the reasonableness of the hours [it] bill[s] and, accordingly, [is] charged with proving that [it] exercised billing judgment." *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 769 (5th Cir. 1996). Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours[, and p]laintiffs submitting fee requests are *required* to exercise billing judgment." *Id.* (emphasis added). "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam); *see, e.g., Walker*, 99 F.3d at 770 (reduced applicants requested fees by 15% "to substitute for the exercise of billing judgment" of the plaintiff's attorney); *US Green Building*, 2016 WL 3752964, at *9 (same); *Leroy v. City of Houston*, 831 F.2d 576, 585-86 (5th Cir.

---

[6] Plaintiff calculated the total at $30,106. (doc. 31 at 3.)

6

1987) (ordering a 13% reduction when plaintiff's attorney made no reduction to the lodestar for billing judgment); *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795 (5th Cir. 2006) (per curiam) (affirmed a 10% reduction by the trial court because the plaintiff failed to provide evidence of billing judgment); *Mauricio v. Phillip Galyen, P.C.*, No. 3:14-CV-64-L, 2016 WL 1273337 (N.D. Tex. Mar. 30, 2016) (noting that a voluntary reduction of 20% was consistent with the exercise of billing judgment).

Here, the records do not reflect the exercise of billing judgment, and Mr. Weiss does not address it in his affidavit. (*See* docs. 31, 31-1.) A reduction of fifteen percent is therefore appropriate given the facts of this case. *See US Green Building*, 2016 WL 3752964, at *9 (reducing the hours by 15%)*; Walker*, 99 F.3d at 770 (same). Accordingly, Plaintiff's lodestar amount is $25,250.95.

    2.    *Adjustment to lodestar*

Next, a court must determine whether the lodestar value should be adjusted based on the twelve *Johnson* factors. *See Johnson*, 488 F.2d at 717-19. If a particular factor is subsumed in the lodestar, it may not be used to adjust the lodestar amount. *See Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)). Neither party argues for an adjustment to the lodestar, and there is a strong presumption that the lodestar figure represents a reasonable attorney's fee. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 541 (5th Cir. 1992). The *Johnson* factors, are accurately reflected in the lodestar amount and no departure is necessary. Plaintiff should be awarded $25,250.95 in attorneys' fees.

**B.**     <u>**Costs**</u>

Plaintiff seeks $908.52 for costs the Plaintiff incurred in litigating this case, including

expenses associated with deliveries, filing, and Secretary of State name and online searches. (*See* doc. 31 at 4; 31-1 at 16, 20, 22, 29, 37.)  It submitted billing statements in support of this total. (*See* doc. 31-1 at 16, 20, 22, 29, 37.)  Plaintiff should therefore be awarded $908.52 in costs.

### III.  RECOMMENDATION

Plaintiff should be awarded $25,250.95 in attorneys' fees and $908.52 in costs.

**SO RECOMMENDED** on this 28th day of October, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE